GEORGE O. STEVENS and DANIEL G. STEVENS *vs.* ELIJAH J. BOND, Assignee, and others.

*Advertisement of property for Sale—Sufficiency of Description in the Advertisement.*

Certain mortgaged property was described in the advertisement of sale as being in Baltimore County, and on the Baltimore and Susquehanna Railroad, about four hundred yards from the depot at Lutherville, containing seventy acres more or less; and reference was made to a deed, more particularly describing the property, and to the book and page of the land records containing the same. The improvements were referred to as consisting of a handsome new two story frame dwelling, barns, stables and other necessary out-houses. It was also stated that there was a large spring thereon. The railroad referred to, and formerly known as the Baltimore and Susquehanna Railroad, was more generally known as the Northern Central Railroad. On objection to the ratification of the sale, by the owners of the equity of redemption, on the ground that the description of the property in the advertisement was insufficient, it was HELD:

1st. That the description was sufficient to enable the public to understand, by the exercise of ordinary intelligence, what property was offered for sale, and

Stevens *vs.* Bond, *et al.*

to identify the same by examination, if a more particular knowledge of the actual location was desired.

2nd. That a sale at public auction, otherwise fairly made, should not be set aside upon such ground.

It is not necessary in an advertisement of property to be sold at public auction, to give a minute description of its exact location, or to give its metes and bounds. Any description in the advertisement which informs the public of the property to be sold, is sufficient.

APPEAL from the Circuit Court for Baltimore County, in Equity.

On the 3rd of April, 1871, Benjamin V. Richardson and wife, executed a mortgage of certain property, in Baltimore County, to Caroline E. Richardson, by whom it was assigned to the appellee, Elijah J. Bond. The mortgage contained a power of sale. The equity of redemption was conveyed to George O. and Daniel G. Stevens. On the 16th of September, 1874, the assignee, by his attorney, filed in the Court below, the original mortgage, together with his bond, which was properly approved, and his account of the mortgage debt. The property was advertised to be sold on the premises, on the 12th of October, 1874, and on that day a part thereof was sold to Charles Parker, for $6100, subject to the payment of a prior mortgage for $8000. The assignee reported the sale to the Court. On the 9th of November, 1874, the owners of the equity of redemption filed various exceptions to the ratification of the sale ; among them, that there was no sufficient description of the property and premises reported to have been sold ; and that in consequence of the insufficiency of the advertisement, the price at which the property was reported to have been sold, was much below its real value ; and that the description was vague and indefinite. The description contained in the advertisement, is sufficiently set out in the opinion of the Court.

On the 25th of January, 1875, the Circuit Court (YELLOTT, J.,) overruled the exceptions, and on the same day

passed an order formally ratifying and confirming the sale.

From this order the exceptants appealed.

The cause was argued before BARTOL, C. J., STEWART, GRASON, MILLER and ROBINSON, J.

*Orlando F. Bump,* for the appellants.

There was no railroad running near the property, known as the *Baltimore and Susquehanna Railroad,* nor had there been any for a number of years—(Act of 1854, ch. 250.) The description is not a good and sufficient description of the property, so as to inform strangers of its location. Only a few persons attended the sale. The price was inadequate.

An advertisement is required for two purposes. 1st, to let the public know what property is brought into market. 2nd, to afford the owner an opportunity to redeem it from sale, or prevent its being sacrificed. The advertisement must be sufficient for both of these purposes. *Kaufman vs. Walker,* 9 *Md.,* 229, 232.

The evidence shows that the owner was present at the sale, but does not show how long previously he had notice thereof.

It is the duty of the trustee or assignee to give such a description as the law requires. For this service he is compensated by his commissions. The owner cannot be compelled to supplement a defective advertisement by personal efforts on his part to induce the public to attend ; nor is the owner under any legal obligation to become a purchaser, and thereby submit himself to the summary jurisdiction of the Court, when he himself knows that he cannot comply with the terms of sale. He has the right to require that those who are authorized to prepare an advertisement, and are compensated for their service, shall prepare such an advertisement as to give the public full and

ample notice of the sale, and if this is not done and the public fail to attend, the sale should be set aside. Greater diligence is required of a mortgagee than of a trustee. *Horsey vs. Hough*, 38 *Md.*, 130.

*Charles A. Evans*, for the appellee.

The sale is to be treated as though it was made by the Court through a trustee. The agreement of the parties as expressed in the power contained in the deed of mortgage, is substituted for a decree of sale. *Cockey vs. Cole*, 28 *Md.*, 276, 283.

Sales of this kind are made under the supervision of the Court, and no title passes until the sale is approved by it. The assignee is but its agent, and becomes such by filing the bond, as fully as though named by the Court. The assignee or mortgagee is the mere agent to receive the bid and report it to the Court—the sale is not consummated until it is approved and finally ratified by the Court. *Bolgiano vs. Cook*, 19 *Md.*, 375 ; *Cunningham vs. Schley*, 6 *Gill*, 228 ; *Wagner and Marshall vs. Cohen*, 6 *Gill*, 102 ; *Harrison vs. Harrison*, 1 *Md. Ch. Dec.*, 331 ; *Speed vs. Smith*, 4 *Md. Ch. Dec.*, 309.

The advertisement contains a sufficient description of the property, and all that is required to let persons concerned in it, and the public generally know what property was to be sold—where it was located—the quantity to be sold—why it was, and by what authority it was to be sold—where and when to be sold—and such other general information—and such characteristics concerning it as would enable persons to identify it.

Property in the county cannot possibly be so accurately described and located as that in a city, where the number of the house and street can be given. Country property can only be described and located as in *proximity* to public and well known places, or by fixed land-marks.

The property reported as sold, could not have been more accurately and definitely described and located.

If the words Baltimore and Susquehanna had been entirely omitted, still it would have been a sufficient description. The words Baltimore and Susquehanna could not mislead, because there *is only one railroad running by Lutherville,* and at one time that was called the Baltimore and Susquehanna Railroad.

"Any description by the notice which informs the public of the property to be sold is sufficient." "The authority by which the property is sold—a description thereof, full enough to be understood by the public—its popular name, if any—its proximity to other known property, or any other prominent characteristic may all, or either, afford means of informing the public and others concerned, of the identity of the property." *Reeside & Wife vs. Peter,* 33 *Md.,* 126 ; *White & Elder vs. Malcolm,* 15 *Md.,* 530 ; *Cunningham vs. Schley,* 6 *Gill,* 224.

Stewart, J., delivered the opinion of the Court.

That sufficient public notice of the sale of the property in question, was not given, is the chief objection made to the sale by the appellants.

It is not necessary in an advertisement of property for public sale, to give a minute description of its exact location, or to give its metes and bounds—any description in the advertisement, which informs the public of the property to be sold is sufficient. *Reeside & Wife vs. Peter,* 33 *Md.,* 120.

This was a sale by the assignee of a mortgage, and the property is described in the mortgage as lying in Baltimore County, near the Baltimore and Susquehanna Railroad. The advertisement describes the entire property to be sold, as valuable property at Lutherville, Baltimore County, ten miles from Baltimore City, on the *N. C. R. R.;* and as to the parcels in controversy as being in Baltimore County, and on the *Baltimore and Susquehanna Railroad,* about 400 yards from the *depot at Lutherville,* containing

70 acres more or less, and refers to a deed, more particularly describing the property, from Ruth C. Lynch to Benjamin Richardson, of the 16th of October, 1865 ; and to the book of the land records, containing the same. Improvements thereon suitable for such a farm, consisting of a handsome new two story frame. dwelling, barns, stables and other necessary out-houses, and as having a large spring thereon.

It seems that the railroad in the neighborhood, formerly known as the Baltimore and Susquehanna Railroad, is now more generally known as the Northern Central Railroad. The reference to the Baltimore and Susquehanna Railroad in the advertisement of the property, was urged by the appellants as a fatal error ; but as the property is described as lying about 400 yards from the depot at Lutherville, and there is no evidence that there were two railroads running by the property, or other than one railroad depot at Lutherville, the public were not likely to be misled by the reference to the railroad by its former name, taking the whole description together.

It would be adopting too narrow a rule, as to the character of the advertisement of property to be sold at public auction, to defeat a sale upon such ground as relied upon by the appellants, otherwise fairly made.

The entire description as given in the notice, would enable the public to understand, by the exercise of ordinary intelligence, what property was offered, and to identify the same by examination, if a more particular knowledge of the actual location was desired.

The great preponderance of the testimony adduced, including that of the appellants, as to the purport and effect of the advertisement, shows that it was understood therefrom what was the property to be disposed of ; and that there was an attendance of sundry persons, including the parties interested in the property, who interposed no objection to the proceeding or to the sale—that after competition,

the property was struck off at a price deemed fair.   The objection made now is totally without merit, and there is no reason to believe that the sale· of the property was affected in the least by the *reference to the Baltimore and Susquehanna Railroad,* or that it would have commanded a higher price by a more definite description.

   We find no error in the order of the Circuit Court of the 25th January, 1875, overruling the exceptions to the sale, and it must be affirmed.

*Order affirmed, and*
*cause remanded.*

(Decided 10th May, 1876.)