### MALE *et al.* v. LONGSTAFF, Sheriff.

A mortgage which recites: "It is further agreed that this mortgage or trust deed may be foreclosed by action or by advertisement, as provided by Chapter 28 of the Code of Civil Procedure of the Compiled Laws of Dakota, 1887, and this paragraph shall be deemed as authorizing and constituting a power of sale as provided in said chapter,"—may be foreclosed by advertisement, under Comp. Laws, Sec. 5411, which authorizes such foreclosure of "every mortgage containing therein a power of sale."

(Opinion filed Dec. 11, 1896.)

Appeal from circuit court, Beadle county. Hon. A. W CAMPBELL, Judge.

Action to compel the foreclosure of a mortgage by advertisement. From a judgement in favor of plaintiffs, defendant appeals. Affirmed.

The facts are stated in the opinion.

*T. H. Null,* for appellant.

*W. A. Lynch,* for respondent.

HANEY, J. The only question presented by this appeal is whether a mortgage containing the following clause can be foreclosed by advertisement. "It is further agreed that this mortgage or trust deed may be foreclosed by action or by advertisement, as provided by Chapter 28 of the Code of Civil Procedure of the Compiled Laws of Dakota, 1887, and this par-

agraph shall be deemed as authorizing and constituting a power of sale as provided in said chapter." Every mortgage of real property containing therein a power of sale, upon default in the condition of such mortgage, may be foreclosed by advertisement. Comp. Laws, § 5411. No particular form of words is necessary to constitute such power, but it can be created only by a suitable clause contained in the mortgage itself. Jones, Mortg. § 1778; Comp. Laws, § 2825. A power, as the term is used in this connection, is an authority to do some act in relation to real property. Comp. Laws, § 2814. The provisions of Chap. 28, Code Civ. Proc., were by the stipulation of parties, made a part of the mortgage. The acts therein prescribed were expressly authorized. Therefore authority to sell the land upon the conditions and in the manner prescribed by the statute is contained in the mortgage itself. Any other construction of the instrument is impossible, because the parties expressly agree and declare that the paragraph shall be deemed as constituting a power of sale sufficient to warrant a foreclosure by advertisement. It was agreed the mortgage should be so foreclosed. Such was the intention of the parties. We think such intention is clearly expressed in a suitable clause contained in the mortgage, and that it can be foreclosed by advertisement. The order of the circuit court is affirmed.