BLACKSHEAR et al. v. FIRST NAT. BANK OF DOTHAN.

(Circuit Court of Appeals, Fifth Circuit. November 17, 1919.)

No. 3445.

1. MORTGAGES ⬅329, 378—ON SALE UNDER POWER TITLE PASSES BY DEED.

Powers of sale in a mortgage are intended to avoid the delay and expense incident to foreclosure, and are in general favor; hence, if a sale is conducted in accordance with the terms of a valid power, the title to the premises granted by way of security passes to the purchaser on its consummation by conveyance.

2. COURTS ⬅365—DECISIONS OF STATE COURTS AS PRECEDENTS IN FEDERAL COURT.

A power of sale should be construed as a part of the contract of mortgage, and not as a hostile process. The Supreme Court of the state where this instrument was executed, agreeably to this principle, held a similar power to be good, and that ruling is followed.

3. MORTGAGES ⬅333—VALIDITY OF POWER OF SALE.

A power of sale in a mortgage, providing for sale at public auction after notice, is not open to attack as inequitable, and a sale in accordance with such power will bar the equity of redemption.

4. MORTGAGES ⬅333—VALIDITY OF ONE OF SEVERAL MODES OF SALE PROVIDED DISJUNCTIVELY.

Where a mortgage provided several modes of sale in the disjunctive, a sale made under a power which was in no wise inequitable cannot be attacked, because some of the modes prescribed were inequitable.

5. USURY ⬅109—RIGHT TO QUESTION INTEREST CHARGES AFTER MORTGAGE FORECLOSURE.

Where power of sale in a mortgage was valid, and the equity of redemption passed, the mortgagor cannot, more than two years thereafter, question interest charges collected by the mortgagee out of the proceeds of the sale, on the ground of usury.

In Error to the District Court of the United States for the Southern Division of the Middle District of Alabama; Henry D. Clayton, Judge.

Action by R. D. Blackshear, for use, etc., and another, against the First National Bank of Dothan. Judgment for defendant, and plaintiffs bring error. Affirmed.

W. A. Gunter, of Montgomery, Ala., and O. C. Doster, of Dothan, Ala., for plaintiffs in error.

T. M. Espy and Farmer, Merrill & Farmer, all of Dothan, Ala., for defendant in error.

Before WALKER, Circuit Judge, and FOSTER and BEVERLY D. EVANS, District Judges.

BEVERLY D. EVANS, District Judge. This is an action to recover usury from a national bank, alleged to have been reserved in a loan secured by mortgage, instituted more than two years after the mortgage had been satisfied by a foreclosure under a power of sale. The bank pleaded the general issue and the statute of limitations of two years.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Counsel for plaintiff and defendant stated in open court on the argument that the sole question was the validity of the power of sale in the mortgage under which the property was sold. The power of sale in two of the mortgages was as follows:

"Now, if said debts are paid at maturity, then this mortgage ceases to be of force; but, if default be made in the payment thereof, or the grantor shall in any way dispose of or part with possession of any of said property, or, if for any cause said [mortgagee], its successors or assigns, shall see fit to do so, they are authorized, before or after the maturity of said debts, at any time to take possession of said personal property, to sue for or otherwise collect in their own names for said rents and advances due to us, to sell said personal property and real estate at public outcry or private sale, with or without notice of the time, place, and terms of sale, at their election, and in case they give notice to determine what kind they will give, to make said sale when, as, and where it shall seem best to them, for cash or on credit, to become purchaser at any such sale of either the real or personal property sold, to make deeds of conveyance to the purchaser at the sale," etc.

The power of sale in the other mortgage was:

"If default is made in the payment of any of such obligation or debt, at its maturity, or if we shall in any way abandon, sell, or dispose of any of said property, or part with the possession of any of it, or if we shall remove, mistreat, or injure any of said property, or if the First National Bank of Dothan, or its successors or assigns, shall see fit to do so at any time before or after the maturity of this debt, if, its successors, assignees, or agent, is hereby authorized to take possession of said property, or any part of it, and to sell said property and real estate, one or both, at private sale, without advertising same and without delay, or at public outcry for cash to the highest bidder at Dothan, Ala., after advertising the same for five days by posting one notice of the time and place of sale at the front of the Houston county courthouse, in Dothan, Alabama, and either such private or public sale may be made of said property before or after taking possession of same."

[1] Powers of sale in a mortgage are intended to avoid the delay and expense incident to a foreclosure and a sale in equity, and are in general favor, both in England and in this country. There is nothing in the law of mortgages which prevents the conferring by the mortgagor in such instrument of the power to sell the premises described therein, upon default in payment of the debt secured by it, and if the sale is conducted in accordance with the terms of the power, the title to the premises granted by way of security passes to the purchaser upon its consummation by a conveyance. Bell Silver & C. Mining Co. v. Butte Bank, 156 U. S. 470, 477, 15 Sup. Ct. 440, 39 L. Ed. 497.

[2-5] A power of sale must be construed as a part of the contract of mortgage, and not as a hostile process. On this theory the Supreme Court of Alabama has construed a power of sale similar, if not identical with, those sub judice, as only authorizing a sale after default, or before maturity of the debt, where the mortgagor was attempting to dispose of the property. Henderson-Law Co. v. Wilson, 161 Ala. 504, 49 South. 845. This is an Alabama contract, and we might well rest the construction of the powers of sale under review on the reasoning of the Alabama court.

Another equally compelling view that the powers of sale authorized a sale at public auction after posting the prescribed notice results from the verbiage of the powers. It will be seen that the mortgagee is given

several modes of executing the power. Even if we grant that one or more of them be inequitable, or even void, that one which provides for public sale, after published notice, is not open to legitimate attack. As the various modes are expressed in the disjunctive, any inequitable or void mode is separable from the good, and if the latter mode be pursued the sale would not be inherently bad.

The record discloses that the property embraced in each of the mortgages was sold at public outcry to the highest bidder for cash, during the legal hours of sale, in front of the courthouse door of Houston county, Ala., in Dothan, after maturity of the debt, and that it brought a fair and reasonable value, which was sufficient to discharge the debt and pay the charges incidental to the sale, and the money was thus applied more than two years prior to the commencement of this action. Under these circumstances the sale was legal, and its consummation barred the equity of redemption. See Olcott v. Bynum, 17 Wall. 44, 21 L. Ed. 570. Such being the case, the mortgagor was foreclosed in opening the matter to recover any alleged usury in an action brought more than two years after the same.

Judgment affirmed.