LAURA COCKEY ET AL.

*vs.*

JOSEPH HAMPSON, JR.

*Mortgage—Power of Sale—Advertisement—Adequacy of Price.*

A provision in a mortgage that, in case of default, "it shall be lawful" for the mortgagee, her personal representatives or assigns, to sell the property described in the mortgage, is sufficient to confer authority to sell in case of default.     p. 553

That the advertisement of a mortgage sale made no mention of the improvements on the land, except by a reference in the head line thereof to the property as "valuable improved property," was not ground for setting aside the sale, in the absence of evidence that such omission was prejudicial to the sale of the property at a fair and adequate sum, and that at a resale a greater amount would probably be received therefor.

pp. 544, 545

For the purpose of determining the adequacy of the price received at a judicial sale, the cost of constructing the buildings on the land, plus the value of the land, is not the proper standard or measurement by which the marketable value of the property is to be ascertained.     p. 546

*Decided March 3rd, 1922.*

Appeal from the Circuit Court for Baltimore County, In Equity (PRESTON, J.).

Proceeding by Joseph Hampson, Jr., assignee of Annie E. White, for the sale of property under a mortgage executed by Laura Cockey and Samuel B. Cockey, her husband. From an order overruling exceptions to the sale, said mortgagors appeal. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*David Ash,* with whom was *Caleb D. Cherbonnier* on the brief, for the appellants.

*E. R. Haile, H. Courtenay Jenifer, John Mays Little,* and *Edward H. Burke,* submitting on brief, for the appellee.

PATTISON, J., delivered the opinion of the Court.

This appeal is taken from an order overruling exceptions to the ratification of a mortgage sale, and the ratification of said sale.

In the exceptions filed a number of reasons were assigned asking that the sale be not ratified, but those chiefly relied on are: First—That the mortgage contained no sufficient power or authority authorizing the sale of the mortgaged property in case of default in the payment of the mortgage debt and interest. Second—That the property was not properly advertised. Third—That the property was sold at an inadequate price.

The clause in the mortgage, under which the sale was made, provided that:

> "If default be made in payment of said money, or the interest thereon to accrue, or in any part of either one of them, at the time limited for the payment of the same, or in any agreement, covenant or condition of this mortgage, then the entire mortgage debt shall be deemed due and demandable, and *it shall be lawful* for the said Annie E. White, her personal representatives and assigns, or Arthur P. Shanklin, their attorney or agent, at any time after such default to sell the property hereby mortgaged, or so much thereof as may be necessary to satisfy and pay said debt, interest and all costs incurred in making such sale."

The mortgage was executed on the 19th day of October, 1916, by Laura Cockey and Samuel B. Cockey, her husband, the appellants, by which they conveyed the property therein mentioned and described to Annie E. White, her heirs and assigns, in fee simple, to secure the payment of $1,500, with

interest, as evidenced by their interest bearing promissory note of even date therewith, payable three years thereafter, and containing the clause above mentioned.

The mortgage was thereafter, on the 2nd day of May, 1921, assigned by Annie E. White, the mortgagee, to Joseph Hampson, Jr., who, on the 31st day of May, 1921, made the sale the ratification of which is here involved.

It is not claimed that there was no default in the payment of the mortgage debt and interest at the time of the sale of said property, but the want of authority to sell is based entirely upon the contention of the appellants that the language used in the mortgage does not confer upon the mortgagee, or her assigns, authority to sell the mortgaged property in case of default; and that to give such authority it was necessary that the mortgage should have stated therein that, in case of default, the mortgagee, her personal representatives or assigns, "are hereby *authorized* and *empowered* to sell" the mortgaged property.

We cannot adopt this contention of the appellants.

This is the form of mortgage that is now, and which for many years has been generally, used in many, if not all, of the counties of this State, and under it many sales have been made upon which the title thereto of persons holding under such sales now depends.

There can, we think, be no doubt as to the meaning and effect of the language, contained in the mortgage executed by the mortgagors, that in case of default it shall be lawful for the mortgagee, her personal representatives or assigns, to sell the property mentioned and described in the mortgage.

The property conveyed by the mortgage was the property of the mortgagors, and by such provision of the mortgage, when default occurred in the payment of the mortgage debt and interest, it became lawful for the mortgagee, or her assigns, etc., to sell the mortgaged property without violating any of the property rights of the mortgagors in so doing. The necessary meaning and effect of which was to confer upon the mortgagee, and her assigns, not only the right but

the authority to sell said property when such default occurred; and the claim that no such authority was thereby conferred upon her and them is, we think, without foundation, and is not based upon any sound or logical reasoning.

The second exception is to the sufficiency of the advertisement under which the property was sold. The property, which consists of about an acre of land, upon which there are a dwelling house and store-room and one or two outbuildings, is located at Timonium, in Baltimore County, a small village upon the York Turnpike, about five miles from the city limits and three miles from Towson, and near the Timonium Fair Ground.

The property was advertised in "The Jeffersonion," a newspaper published in Baltimore County, for the requisite number of times prior to the day of sale, but it is claimed by the exceptants that the property was not so described as to bring it to the notice of the public in a manner to induce purchasers to attend the sale, and to place it favorably upon the market. The property was advertised to be sold at public auction, on the premises, at the hour and on the day named in the advertisement, and was referred to as valuable property situated at Timonium, Baltimore County, Maryland, and its location was clearly defined, not only by giving its metes and bounds, courses and distances, but also by stating the names of those who owned the adjoining lands. The advertisement, however, in the body of it, fails to mention the improvements upon the land so described, and this is the chief complaint urged against the sufficiency of the advertisement.

While the advertisement, in the body of it, makes no reference to the improvements upon the land described therein, the property to be sold thereunder is in the headlines of the advertisement referred to as *"valuable improved property,"* without stating, however, the character of such improvements. And this omission, if shown to have been prejudicial to the sale of the property at a fair and adequate sum, might

be regarded as a sufficient cause for setting aside the sale so made. *Aukam* v. *Zantzinger,* 98 Md. 380.

It, therefore, becomes necessary for us to consider and determine from the facts disclosed by the record whether such omission was prejudicial to the sale of the property, and whether, at a resale of the property, it is probable a greater amount may be received therefor.

It is in evidence that the sale was made upon a fair day and was fairly well attended, that there were a number of real estate dealers present and one or more of them became bidders on the property. In addition to them Mr. Ash, one of the counsel for the appellants, as well as one Mrs. Stella, mother of the young men now occupying the store house under arrangements made with the appellants since the sale, were likewise bidders upon the property. But the property was sold to the person returned as purchaser, he being the highest bidder therefor, at the sum of $3,925.

Mr. Cherbonnier, also one of the counsel for the appellants, was the only witness who testified as to the value of the property and the inadequacy of the price at which it was sold. Three other witnesses were offered, but not one of them, as conceded by the counsel for appellants, was qualified to testify as to the value of said property.

Mr. Cherbonnier placed the value of the property at $7,500 or $8,000, but it is shown that his estimate of its value was based upon what it would cost to construct the buildings thereon, he putting such costs at $6,500, being within $1,000 or $1,500 of his estimate of the entire value of said property, thus estimating the value of the land at said sum of $1,000 or $1,500.

This method of reaching the value of the property for the purposes here sought is not in accordance with the requirements of the law, nor should it be, for in many instances it would furnish no test as to the marketable value of the property, which is the thing sought.

This property was purchased by the appellants more than twenty years before the sale of it under the mortgage. The buildings now on it were upon it at that time, but in much better condition than now, when the appellants paid therefor $3,300, which, no doubt, was then far less than the cost of the construction of the building at that time, but, then as now, the cost of such construction plus the value of the land was not the standard or measurement by which the marketable value of the property was to be ascertained, and, consequently, the value of the property as estimated by Mr. Cherbonnier furnishes us no sufficient information as to the marketable value of the property at the time of the sale, to enable us to say that the price received therefor was inadequate, or so inadequate when considered in connection with the alleged omission in the advertisement as to warrant us in setting aside the sale here made.

It may also be said, in connection with the objection that the property was sold at an inadequate price, that no person has been produced who has expressed a willingness to pay for said property an amount greater than that for which it was sold at the mortgage sale, nor is there anything in the record to indicate that upon a resale of the property a better price can be obtained therefor.

Mrs. Cockey and her counsel, Messrs. Cherbonnier and Ash, were all present at the sale, but no objection was made thereto by any of them because of the insufficiency of the advertisement or because of any other fact in connection with the sale.

As the record discloses no facts from which it is shown that the mortgagors were injured in the sale of the property by reason of the said omission in the advertisement, or from which it is shown that, upon a resale of the property, it is reasonably probable that a greater amount can be obtained therefor, the order appealed from will be affirmed.

*Order affirmed, with costs.*