WALTER M. WEBER *v.* ISAAC MEROWITZ.

[No. 1, April Term, 1931.]

*Decided June 9th, 1931.*

The cause was submitted on briefs to Bond, C. J., Patti-son, Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*David Ash,* for the appellant.

*William Lovitt,* for the appellee.

SLOAN, J., delivered the opinion of the Court.

This is an appeal from the Circuit Court of Baltimore City, ratifying a mortgagee's report of sale, to which exceptions had been taken by the appellant. The appellant, Walter M. Weber, had purchased from Robert Seff a lot of ground fronting 84 feet 11 inches on the north side of West Street in the City of Baltimore for $16,000. Seff had purchased the property from Isaac Merowitz, the appellee, without taking a conveyance for the same in his own name, and a deed was thereafter made directly by Merowitz to Weber. The lot was improved by seven dwelling houses, each of them subject to a ground rent of $18 a year. It appears that Merowitz was to receive $14,000 for the property, so that the other $2,000 was to have gone to Seff. Seff and Weber gave Merowitz a mortgage for $10,000, on account of which $4,000 was paid, leaving a balance due, at the time of sale, of $6,000 on account of the principal, and six months' interest, and taxes against the property amounting to about $2,000 had also accumulated. The sale, after three weeks' advertisement in the Daily Record, a daily newspaper published in Baltimore, was made on the premises by William Lovitt, trustee, to the purchasers, David M. Schlossberg and wife, at $4,500. It appears that, according to the advertisement and report of sale, the seven houses and lots were offered separately and as a whole, the aggregate of the bids on the separate parcels being $2,405.

The grounds of exception were: First, because the property was sold at a grossly inadequate price and for so much less than its fair market value; second, because it was improperly, insufficiently, and illegally advertised; third, because the advertisement failed to state that the parcel of land was subject to an original ground rent on a larger tract of land of which the mortgaged premises were a part, and the failure to state the exact amount, if any, of the original ground rent of said premises, thereby causing "vagueness, confusion, uncertainty and indefiniteness in the minds of prospective purchasers or bidders at the time of said sale and

preventing free, unrestrained and normal bidding at the time of sale."

The appellant produced one witness engaged in the real estate business, who testified that the mortgaged property ought to bring at private sale $6,350, which testimony was offset by the testimony of another real estate broker produced by the appellee, that he valued the property at $3,500, and that he attended the sale with the expectation of buying if he could get it at a proper figure. Even on the appellant's testimony, there is no such disparity between the estimated value and the price at which the property was sold as to lead one to infer that the inadequacy mounted up to a fraud, or that the price was unfair. The evidence is that the property was physically in bad shape and needed repairs, estimated at from three to four thousand dollars. Most of the houses were unoccupied. It has been frequently decided in this state that mere inadequacy is no reason for setting aside a sale, unless the inadequacy is gross and there is prospect of a better price being obtained on a resale, and the circumstances indicate there was no real competition. *Shirk v. Soper*, 144 Md. 269, 124 A. 911; *Weinstein v. Boyd*, 136 Md. 234, 110 A. 506; *Boyd v. Smith*, 127 Md. 359, 96 A. 526; *Bank of Commerce v. Lanahan*, 45 Md. 396.

The appellant was present at the sale, which appears to have been largely attended, and he did not there raise any question about the fairness of the advertisement or the manner in which the sale was being conducted, and stated no facts or circumstances from which it might be inferred that, if a resale were ordered, any better result could be obtained than at the first sale. In fact, the only inference to be drawn from the record is that another sale would amount to no more than a mere experiment, with the probabilities that the property might be sold for a less sum and the proceeds burdened with additional costs. As stated by Judge Alvey in *Bank of Commerce v. Lanahan*, 45 Md. 396: "With all the diversity of opinion upon this subject, no witness ventures to say that he will give more than the bid reported, if the property should go to re-sale. Indeed, they say they would not;

and there is nothing in any portion of the evidence that gives any degree of assurance that, if the property were put up at re-sale, it would bring more than the price reported. Why then order a re-sale? The sale reported should not be set aside and a re-sale ordered as a mere experiment. That is forbidden both by reason and the well-established doctrine of the law upon the subject." And, as stated by Judge Pattison in *Cockey v. Hampson,* 140 Md. 551, 118 A. 72, 74: "As the record discloses no facts from which it is shown that the mortgagors were injured in the sale of the property by reason of the said omission in the advertisement, or from which it is shown that upon. a re-sale of the property it is reasonably probable that a greater amount can be obtained therefor, the order appealed from will be affirmed." Both of these quotations are illustrated by the facts in the present case.

The advertisement did state that the property was improved by seven three-story brick dwellings, each subject to an annual subrent of $18, payable half yearly on April 1st and October 1st, "and is a part of a larger tract subject to the original rent stated in Liber G. R. 524, folio 328." The testimony is that on this tract there are now twenty-two buildings. The only inference to be drawn from the exceptions is that the failure to state the size of the tract, the amount of the ground rent, and the proportion to which the mortgaged premises is subject, is that the purchaser might have been hurt; but he is not complaining. He testifies that he paid for the property all that it is now in the present condition of the real estate market worth. Nobody present at the sale appears to have been interested in the ground rent on the whole tract, and the appellant himself testified that he raised no question about it at the sale. The auctioneer testified that, after reading the advertisement, he asked those present if there were any questions they wished to ask concerning the property. Though we do not so decide, the only person who might have any reason to except to the ratification of the sale for the omissions of which the appellant complains is the appellee. He, as stated, does not complain. It is hardly

equitable that the appellant, who was present at the sale and made no objection to the terms and conditions of the advertiesment, should now be granted relief for his own negligence. 3 *Jones on Mortgages* (8th Ed.), secs. 2139 and 2406. Inasmuch as we are of opinion that the sale was fairly made, the price not grossly inadequate, and the appellant not injured, the order appealed from will be affirmed.

*Order affirmed, with costs.*