HANSON, Appellant, v. FEDERAL LAND BANK OF OMAHA, NEBR., et al, Respondents.

(262 N. W. 228.)

(File No. 7790.  Opinion filed August 5, 1935.)

T. R. *Johnson*, of Sioux Falls, for Appellant.
*Conway, Feyder & Conway*, of Sioux Falls, for Respondents.

WARREN, P. J.  An action was instituted by the trustee of the Reeves estate for the cancellation of the defendant bank's mortgage foreclosure.  It would appear that the mortgage in question became effective in 1925; that at that time there were in effect certain statutes relating to mortgage foreclosure by advertisement, namely, sections 2876 to 2886, 1919 South Dakota Revised Code. Section 2879 provided that the notice of foreclosure must be published once a week for six consecutive weeks.  The Legislature by chapter 177 of the S. D. Session Laws for the year 1929 shortened the time of publication by stating that a notice must be published in a legal newspaper at least once a week for four consecutive weeks.  At the conclusion of the trial in which the plaintiff attacked the validity of the foreclosure proceedings by advertisement, the court made findings of fact, conclusions of law, and a judgment finding that the proceedings of foreclosure by advertisement in the giving of the notice for four consecutive weeks was sufficient and that the sale was regularly conducted; that the plaintiff was in default and that the property was sold by the sheriff of Minnehaha county to the Federal Land Bank of Omaha, Omaha, Neb., for the sum of $17,459.53, it having been the highest bidder at said sale; that the sheriff gave the said purchaser a certificate of sale and that the report containing all the necessary papers was duly filed in the office of the register of deeds of Minnehaha county. The court further found that there was a sufficient power of sale in the mortgage to foreclose said mortgage by advertisement and that default existed at the time the foreclosure proceedings were instituted.  The plaintiff has appealed, and alleges, first, that the mortgage did not contain a sufficient power of sale and could not be foreclosed by advertisement; second, that the notice was insuffi-

624

ciently published in that it was not published for six consecutive weeks; thirdly, that the defendant bank, by foreclosing said mortgage as it did, attempted to practice law against the public policy and contrary to the laws of this state.

The power of sale contained in the mortgage having been attacked as being insufficient for the purpose of foreclosure by advertisement, the following portion of the mortgage is set forth verbatim: "And the said parties of the first part do further covenant and agree that in case of default in payment of said principal sum of money or of any amortization installment thereof, or of interest thereon, or in the performance of any of the covenants or agreements herein contained, then, or at any time thereafter, during the continuance of such default, the said party of the second part, or its successors or assigns, may, without notice, declare the entire debt hereby secured, immediately due and payable, and thereupon the said party of the second part, or its successors or assigns are hereby authorized and fully empowered to sell said premises at public vendue and convey the same to the purchaser in fee simple, agreeable to the statutes in such case made and provided, and out of the proceeds of such sale to pay all and singular the sums of money hereby secured, together with all legal costs and charges of such sale and lawful attorney's fees, and to pay the surplus, if any, to the said parties of the first part, their legal representatives or assigns."

Section 1566 of the 1919 S. D. Revised Code contains the standard form of real estate mortgage in this state, which section was in effect at the time of the giving of this mortgage. A portion of it reads as follows: "In case of default in the payment of said principal sum of money or any part thereof or interest thereon at the time or times above specified for payment thereof, or in case of non-payment of any taxes, assessments, or insurance as aforesaid, or of breach of any covenant or agreement herein contained, then and in either case, the whole, principal and interest, of said note * * * shall at the option of the holder thereof, immediately become due and payable, and this mortgage may be foreclosed by action, or by advertisement as provided in title 2, of the Revised Code, and this paragraph shall be deemed as authorizing and constituting a power of sale as provided in said title, and any acts amendatory thereof."

It will be observed that the statutory form contained in section 1566 need not be followed, as section 1567 states that "the provisions of the preceding section do not preclude the use, affect the validity or control the interpretation of other forms of real estate mortgages." It is therefore apparent that other forms may be used and that the so-called statutory form is not exclusive. Powers of sale in mortgages are undoubtedly intended to avoid the delay and expenses incident to foreclosure and seem to have obtained general favor. Blackshear et al v. First National Bank of Dothan (C. C. A.) 261 F. 601. The Circuit Court of Appeals in dealing with powers of sale upon default observed that the mortgages are given several modes of executing the power and that where there is a provision for public sale after published notice it is not open to legitimate attack. The record in that case, as in this, discloses that the property was enumerated and embraced in the mortgage and that it was sold at the public outcry to the highest bidder for cash during the legal hours of sale at the proper place after maturity of the debt; that it brought a fair and reasonable value; and the court further found that the power of sale was sufficient. An examination of the power of sale indicates that the language therein employed was not as explicit, concise, or specific as that in the mortgage now before us.

The Supreme Court of California in an early case, Fogarty v. Sawyer, 17 Cal. 589, in passing upon a mortgage in the usual form with a clause authorizing the mortgagee or his assigns to foreclose in case of default in the payment of the note and interest, and wherein the power of sale reads in part as follows: "To sell the premises above granted at public outcry, or so much thereof as will be necessary to satisfy said note, and all the interest due thereon, with all proper costs and expenses attending such sale," dealt with the contention that there was no authority to convey the property, as it was not specifically enumerated, and that the power of sale was insufficient, and held that there was sufficient power, saying: "The instrument does not, it is true, in express terms authorize the mortgagee to execute a conveyance to the purchaser, but such authority is necessarily incident to the authority to sell. The object was to confer a power in a certain event to dispose of the real property and transfer the title to the purchaser, and not merely to contract for a conveyance. In Valentine v. Piper, 22

Pick. [Mass.] 85 [33 Am. Dec. 715], a similar objection was taken to a deed executed by an attorney, but the Court held the objection untenable, and said: 'Where the term "sale" is used in its ordinary sense, and the general tenor and effect of the instrument is, to confer on the attorney a power to dispose of real estate, the authority to execute the proper instruments required by law, to carry such sale into effect, is necessarily incident. It is in pursuance of a general maxim that an authority to accomplish a definite end carries with it an authority, so far as the constituent can confer it, to execute the usual legal and appropriate measures proper to accomplish the object proposed.' "

As to just what language should be employed and how it should be expressed, lawyers and courts naturally differ; yet our court in Male et al v. Longstaff, Sheriff, 9 S. D. 389, 69 N. W. 577, construed the language of a power of sale in the mortgage before it as follows: " 'It is further agreed that this mortgage or trust deed may be foreclosed by action or by advertisement, as provided by chapter 28 of the Code of Civil Procedure of the Compiled Laws of Dakota 1887, and this paragraph shall be deemed as authorizing and constituting a power of sale as provided in said chapter.' Every mortgage of real property containing therein a power of sale, upon default in the condition of such mortgage, may be foreclosed by advertisement. Comp. Laws, § 5411. No particular form of words is necessary to constitute such power, but it can be created only by a suitable clause contained in the mortgage itself. Jones, Mortg. § 1778. Comp. Laws, § 2825. A power, as the term is used in this connection, is an authority to do some act in relation to real property. Comp. Laws, § 2814. The provisions of chapter 28, Code Civ. Proc., were, by the stipulation of parties, made a part of the mortgage. The acts therein prescribed were expressly authorized. Therefore authority to sell the land upon the conditions and in the manner prescribed by the statute is contained in the mortgage itself. Any other construction of the instrument is impossible, because the parties expressly agree and declare that the paragraph shall be deemed as constituting a power of sale sufficient to warrant a foreclosure by advertisement. It was agreed the mortgage should be so foreclosed. Such was the intention of the parties. * * * "

Testing it by what was said by our court immediately above,

the language in the mortgage before us is sufficient. True, that instead of specifically stating the chapter of our laws containing the laws empowering the parties to institute the foreclosure proceedings, the contract between the parties recites that where default occurs they may declare the entire debt secured immediately due and payable and thereby the said party of the second part or its successors or its assigns are "hereby authorized and fully empowered to sell said premises at public vendue and convey the same to the purchaser in fee simple, *agreeable to the statutes in such case made and provided.*" (Italics ours.) To us it seems that the stipulation of the parties is sufficient for all purposes to carry out the foreclosure proceeding, and as was said in Male et al v. Longstaff, supra, "no particular form of words is necessary to constitute such power, but it can be created only by suitable clause contained in the mortgage itself."

The language employed in the present mortgage meets the requirements as stated in Reilly et al v. Phillips et al, 4 S. D. 604, 57 N. W. 780, 781, in which this court said in relation to the power of sale: "That by the power of sale she had already authorized the mortgagee to sell the premises, in case of default, 'at public auction, in the manner now, or that may hereafter be, provided by law.' She knew when she granted the power—for she was charged with knowing the law—that the statute definitely provided the means and method of its execution, and she will be presumed to have contracted with reference to it. In such case the statute becomes a part of the contract. State v. Fylpaa [3 S. D. 586], 54 N. W. 599; State v. Foley, 30 Minn. 350, 15 N. W. 375."

See 41 C. J. 926, and Cockey v. Hampson, 140 Md. 551, 118 A. 72.

While the decisions of other courts are not harmonious as to how the power may be created or what language should be employed, yet it seems that the weight of authority favors the stand that such power may be created by a suitable clause expressing the intention of the parties. Duncan v. Wolfer et al, 60 Cal. App. 120, 212 P. 390; Bloom v. Van Rensselaer, 15 Ill. 503; James et al v. Stull and Andrews, 9 Barb. (N. Y.) 482; Cockey v. Hampson, 140 Md. 551, 118 A. 72; Blackshear v. First National Bank (C. C. A.) 261 F. 601; Mortimer v. Williams (Tex. Civ. App.) 262 S. W. 123.

■ Appellant strenuously urges that the respondent bank practiced law when it attempted to foreclose its own mortgage. In this case the facts seem to indicate that the papers were drafted and the proceedings instituted by an attorney duly admitted to practice law in the state of Nebraska where the respondent bank is located. It would further appear that the respondent bank recognized the fact that they were not represented by a local attorney or an attorney resident within the state, and hence made no charge against the appellant for a statutory attorney fee. The facts before us do not warrant an extended discussion, as they clearly show that the corporation did not practice law and that the proceedings were all completed before July 1, 1933, when the law requiring that nonresident owners and holders of mortgages in this state must procure a licensed attorney, resident of South Dakota, to conduct foreclosure proceeding went into effect. That the attorney who instituted the proceedings of foreclosure may have been rendering his services to the corporation at a monthly or yearly salary or was paid separately for the proceedings instituted is of very little importance for the reason that he was looking after and instituting proceedings for the respondent as a client and not for any of respondent's clients.

■■ Appellant contends that the statute authorizing foreclosure by publication for four weeks is unconstitutional for the reason that the law in force when the mortgage was given required six weeks' publication of notice of foreclosure sale, and that it could not be shortened or lengthened by a subsequent statute without violating the State and Federal Constitutions, and that it took away a vested right of the mortgagors and successors in interest in the property and impaired the obligation of the mortgage contract. The manner and method of giving notice of a foreclosure sale falls under the branch of our laws known as remedy and procedure. In an early case, James et al v. Stull and Andrews, 9 Barb. (N. Y.) 482, the Supreme Court of New York dealt at length with the shortening of a foreclosure sale notice. At the time the mortgage was executed the statute required the publication of notice of sale for twenty-four weeks and at the time of foreclosure the statute had been shortened to twelve weeks' publication. The court said: "Chief Justice Taney, in Bronson v. Kinzie [1 How. 311, 11 L. Ed. 143], says in regard to that case, that 'if the laws

of the state had done nothing more than change the remedy upon contracts of this description they would be liable to no constitutional objection. For undoubtedly a state may regulate at pleasure the modes of proceeding, in its courts, in relation to past contracts as well as future, It may, for example, shorten the period of time within which claims shall be barred by the statute of limitations.' And he proceeds to show that the legislature may in its discretion exempt property from execution, and that this power must necessarily reside in every state, to enable it to secure its citizens from unjust litigation, and protect them in those pursuits which are necessary to the existence and well being of every community. * * * 'The authorities are abundant, both in the United States courts and our own, that a statute impairing the remedy is constitutional, especially when it operates merely by way of limitation in point of time.' "

This court in a recent decision, in passing upon a statute changing a remedy, held that the changing of a remedy does not impair the obligation of a contract so long as there remains a sufficient remedy on the contract which secured all substantial rights of the parties. We further said in State ex rel Northwestern Mutual Life Ins. Co. v. Circuit Court within and for Minnehaha County, 61 S. D. 356, 249 N. W. 631, 633: "The petitioner further contends that it does not appear on the face of the act of 1933 that it was to act retroactively and that therefore, it should be held to act prospectively only. We cannot agree to this contention, The act refers to 'every mortgage of real property containing therein a power of sale.' We think this sufficient to indicate an intention to cover mortgages in existence at the time of the passage of the act. It also follows from the construction we have herein placed upon the contract, to the effect that the law in force at the time the power of sale is sought to be exercised is to govern, that this 1933 must govern this present case."

We have carefully considered the record and have come to the conclusion that the trial court was fully justified in making its findings, conclusions, and judgment, and that the record discloses facts which are inconsistent with the authorities cited by appellant.

The order and judgment appealed from are affirmed.

POLLEY, ROBERTS, and RUDOLPH, JJ., concur.

CAMPBELL, J. I concur in the affirmance of the judgment and order appealed from.