# JOSHUA G. HARVEY *v.* PROVIDENT SAVINGS BANK.

[No. 51, January Term, 1936.]

*Decided April 9th, 1936.*

296

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHN-SON, JJ.

*Walter C. Mylander* and *Nathan Patz*, with whom was *Walter C. Mylander, Jr.,* on the brief, for the appellant.

*Ambler H. Moss*, with whom were *Semmes, Bowen & Semmes* on the brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

This appeal is from an order dismissing exceptions to a mortgagee's sale.

By mortgage dated May 24th, 1913, Joshua G. Harvey, Jr., exceptant and appellant, conveyed and assigned the unexpired portion of a lease in a lot of ground fronting 23 feet 2 inches on the west side of Hanover Street and 65 feet on the north side of Pratt Street in Baltimore to the Provident Savings Bank, to secure the payment of $10,000, payable in three years with interest at 5½ per cent. The west half of the lot was 33 feet 2 inches in width. On June 30th, 1935, the balance due on the mortgage was $9,386.19; interest, $647.64; total, $10,033.83. When the sale was made, the taxes for four years were unpaid. The mortgage having been long in default, the mortgagee decided to foreclose, and accordingly, on August 12th, 1935, through Jesse N. Bowen, trustee, appointed by decree of the Circuit Court No. 2 of Baltimore City, after the usual notice by advertisement, the property was sold to the Crown Realty Corporation,

for which Henry Weinberg, and Jeannette his wife, were later substituted as purchasers, for the sum of $2,380. The sale was reported to the court and exceptions filed to its ratification by the mortgagor, the reasons assigned being: (1) inadequacy of price; (2) faulty advertisement; (3 and 4) the failure to emphasize and explain the small ground rent of six shillings and one-half of a penny.

The test of the validity of a judicial sale is whether the final bid is at the best price obtainable at the time, the property sufficiently advertised, the sale fairly made and properly conducted. Mere inadequacy of price will not be sufficient to invalidate a sale unless so grossly inadequate as to suggest fraud or unfairness. *Busey v. Perkins,* 168 Md. 453, 178 A. 254; *Waters v. Prettyman,* 165 Md. 70, 74, 166 A. 431, and cases there cited.

It must be conceded that there is a vast difference in this case between the amount of the mortgage and the sale price. For twenty-one years the exceptant had paid the interest on a $10,000 mortgage, and then, a year after he ceases to pay, he sees the collateral sold for a fourth of the loan. If the lender, mortgagee, had bought in the security itself, it might be required to explain the reason for its original opinion of value, as evidenced by the amount of the loan, and the sale price to itself. *Busey v. Perkins,* 168 Md. 453, 456, 178 A. 254. In this instance, however, the mortgagee did not bid on the property, but did the only thing it could do under the terms of the mortgage—advertised it for sale in accordance with the terms of the mortgage and sold to the highest bidder. Unless the mortgagor has other means, the one hurt in this transaction is the mortgagee, and it is not complaining.

The exceptant produced two witnesses, real estate brokers, one of whom testified that the property was worth $9,000. He valued the land at $6,500. He based his "opinion on that as potential site for a gasoline filling station."

Another real estate broker gave his opinion of value

as $8,500; of which he estimated the land to be worth $6,000.

The auctioneer testified that there were twenty-five or thirty people at the sale, an unusually large number. He said very few people attended auction sales in these days. There were four bidders for the property, and among them they made fifty-two bids, beginning at $1,000 and ending with $2,380.

The values placed on real estate by agents and dealers in these days are not very persuasive as against the prices brought at forced sales. They seem loathe to adjust themselves to the changes that have taken place in neighborhoods and in business. It is not unusual to find sections of large cities lose their commercial importance by the changes in business and the shifting of business centers, and this sale is an illustration of just what can happen to real estate in twenty-five years. There is nothing in the record to assure this court that on a resale the property would bring more money, or that it would amount to anything but an experiment, and this has been held as no sound reason for setting a sale aside. *Bank of Commerce v. Lanahan,* 45 Md. 396; *Cockey v. Hampson,* 140 Md. 551, 118 A. 72; *Weber v. Merowitz,* 160 Md. 674, 155 A. 169.

The advertisement described the property as a lease-hold subject to an annual ground rent of "six shillings and one-half of a penny. Improved by a three-story brick building with store front." The exceptant complains that the ground rent was not translated into its equivalent in our currency, so as to show how trifling it was, and that instead the auctioneer announced at the sale that the mortgagor had been paying the owner of the fee $5.36, whereas the ground rent was approximately $1.50. The exceptant, however, is not in a position to complain, as it was he who gave the information to the trustee and to the auctioneer, and besides we cannot infer, without some evidence, that this circumstance substantially affected the sale price.

Another complaint was that the trustee did not adver-

tise the fact that the ground floor of the building was being rented at $60 per month. Even if that had been advertised, it would have been misleading, as the property was assessed at $13,300, which means an annual charge of about $350 for taxes, plus insurance and upkeep. Everything pertaining to the property must have been discussed at the sale, as the auctioneer testified that he heard one bidder say to Mr. Harvey, "The taxes are too high. I am out." This element is no longer being ignored in the purchase of real estate.

The exceptant also complained of the failure to call attention in the advertisement to an elevator. The evidence is that it is old, hand-operated. If this were a reason, it loses its force when the evidence is that the second and third floors of the building have not been occupied for more than five years.

We are not convinced by anything appearing in the record that the sale was affected by the failure of the trustee to insert in the advertisement any of the omissions now complained of by the exceptant. As said in *Welch v. Byerly*, 150 Md. 107, 112, 132 A. 616, 618, "the failure to state such facts would not defeat the sale, otherwise fairly made, where it is not shown that the property was sold for an inadequate price because of such failure."

*Order affirmed, with costs to the appellee.*